### VITO et, Appellant, v. BOARD OF LIQUOR CONTROL et, Appellee.

Common Pleas Court, Franklin County.

No. 186159.   Decided April 4, 1953.

Charles Laurie, Cleveland, for appellant.

C. William O'Neill, Atty. Genl., Lake Giles, Asst. Atty. Genl., Columbus, for appellee.

**OPINION**

By BARTLETT, J.

1. THE MOTION FOR AN ORDER DIRECTING APPELLEE, THE BOARD OF LIQUOR CONTROL, TO COMPLETE THE RECORD IN THIS APPEAL, IS HEREBY OVERRULED.

2. BOARD OF LIQUOR CONTROL ORDER (REVOKING D-2 [3.2] PERMIT), AFFIRMED.

Sec. 154-73 GC, and a part of the Administrative Procedure Act, provides in part as follows:

"Unless otherwise provided by law, in the hearing of the appeal the Court shall be confined to the record as certified to it by the agency, provided, however, unless otherwise provided by law the Court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency."

Newly discovered evidence is not called for in the motion to complete the record. There is no showing of any demand on the Liquor Board to complete the record. The record shows the order of the Board overruling the motion for a rehearing, other than the assertion of counsel in his memorandum in support of said motion, there is no evidence before the Court that there were papers before the Board on said motion that were not certified to the court on the appeal.

Counsel has legal means of compelling the Board to certify "a complete record" if not satisfied with record certified, but it is not for the Court on this appeal to order a more complete record, especially where there is no showing the record so certifies, omits any matter that should be included therein.

The fourth specification of error cited in the appellant's notice of appeal is to the effect that the citation was defective in that it charged violation of §§6064-54 and 6064-57 GC, while the permit holder was charged only with violation of the last section. Page 2 of the record recites the charges preferred read as follows:

## 320

That on July 24, 1952, * * * "you and/or your agent or employee did have and possess an opened bottle * * * containing * * * whiskey in and upon the permit premises in violation of the provisions of the Liquor Control Act * * *." The charge is in the plural as to sections violated. In any event, the order appealed from is based only on violation of the last section mentioned in the citation. The mention of the two sections in the citation, certainly does not prejudice the permit holder where the Board confines its finding to violation of only one section.

It must be remembered that in the hearing before the Board, counsel for the appellant appeared and entered a plea of guilty to the charge on which the Board's order was based. Certainly any alleged technical irregularity as to formal notice of the charge against appellant was waived by such appearance and plea.

The third specification of error is that the Court erred in finding appellant guilty of violating §6064-54 GC. The order appealed from contains no such finding.

Specification 1 in the appeal is to the effect that the revocation of appellant's permit was unreasonable. Specification 5 is that the Board erred in overruling the motion for a rehearing.

The appellant having pled guilty to the charge contained in the Board's order, the penalty was within the discretion of the Board as to revocation or suspension of the permit. This Court from the record cannot say that the Board abused its discretion or was unreasonable in revoking her permit, especially since the record shows this was the second violation for the same thing. True, the liquor in the booth found on the premises belonged to her son who was on duty back of the bar. The rights of the family of the permit holder are no greater in this respect than any other employee. In fact the family might properly be expected to be more careful than others in this respect.

Upon consideration of the entire record, the Court finds that the order of the Board, is supported by reliable, probative and substantial evidence; and, therefore, affirms said order and dismisses said appeal.

Entry accordingly with exceptions reserved by counsel for appellant.